IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**SAMUEL T.,**[1]

    Plaintiff,

v.

**ANDREW M. SAUL,**
Commissioner of Social Security,

    Defendant.

No. 3:18-cv-01117-JR

OPINION & ORDER

**MOSMAN, J.,**

On April 25, 2019, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation (F&R) [13], recommending that the Commissioner's decision be AFFIRMED. Plaintiff filed Objections to the F&R [15] and the Commissioner filed a Response [16].

### DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION AND ORDER

recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Plaintiff objects to Judge Russo's finding that the ALJ reasonably interpreted the record in discounting the opinion of Plaintiff's treating psychologist. Plaintiff states that Judge Russo, in affirming the ALJ, did not "identify anything that Plaintiff does, or is able to do, on anything approaching a regular and continuing basis." Objs. [15] at 1. This objection fails because an ALJ is not required to produce evidence in support of a residual functional capacity determination—the burden of supporting claimed limitations falls on the plaintiff appealing a decision of an ALJ. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163–64 (9th Cir. 2001). As Judge Russo stated in her F&R, the ALJ in this case reasonably concluded that there was no evidence to support some of Plaintiff's claimed limitations. F&R [13] at 5. And an ALJ "need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 957, 959 (9th Cir. 2002). Therefore, I agree with Judge Russo that the ALJ did not err in discounting the opinion of Plaintiff's treating psychologist.

## CONCLUSION

For the reasons stated above, I agree with Judge Russo's recommendation and I ADOPT the F&R [13] as my own opinion. The Commissioner's decision is AFFIRMED and this case is dismissed with prejudice.

IT IS SO ORDERED.

DATED this \_\_11\_\_ day of July, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge